## McCLUNG CONSTRUCTION COMPANY v. W. R. ELY, CHAIRMAN, ET AL.

No. 5891.   Decided June 9, 1932.
(50 S. W., 2d Series, 79.)

*Cantey, Hanger & McMahon, Alfred McKnight* and *C. W. Trueheart,* all of Fort Worth, for relator.

The contract taken as a whole necessarily implies that the solid rock excavation is to be paid for according to its volume in the fill.   Galveston, H. & S. A. Ry. Co. v. Henry & Dilley, 65 Texas, 685; Galveston, H. & S. A. Ry. Co. v. Johnson, 74 Texas, 256.

*James V. Allred,* Attorney General, and *T. S. Christopher,* Assistant Attorney General, for respondents.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an original proceeding for mandamus, instituted in the Supreme Court by the relator, McClung Construction Company, against the members of the State Highway Commission. Mandamus is sought to compel the latter to issue warrants against the State Treasurer for the payment of an alleged balance due the relator under a contract for the construction of a certain state highway in Erath County. The contract was duly made by and between the relator and the Highway Commission; and the relator has performed all the work which the contract called for. The relator contends that under the terms of the contract, he was entitled to payment for solid rock excavation work, at the rate of $1.25 per cubic yard, measured by the volume of rock after same was excavated and put "in the fill," that is to say in the embankment of the road. It is conceded by all parties, and recognized in the contract, that solid rock in original position increase one-third in volume when same is excavated, broken up, and put in the fill. The contract is made up of various instruments, which include the plans and drawings, the specifications, the written proposal of the relator, and what is termed a proposal sheet attached to the relator's written proposal. All these instruments were prepared by the Highway Commission; and the proposal sheet, as prepared by the Commission, contained the various items of work to be done, at unit prices. Among these items appeared "Solid Rock Excavation," and the estimated quantity is given as 8,317 cubic yards. The bid of relator for this work is shown, in connection with said item, to be $1.25 per cubic yard. In the written proposal, the plans and specifications are referred to and, in effect, made a part of the contract. It is further provided in the written proposal that "It is understood that the following quantities of work to be done are approximate only, and are intended principally to serve as a guide in figuring out bids." In the specifications, it is expressly provided, in substance, that solid rock excavation work shall include, not only the removing of the rock from its original position, but also the putting of the excavated material "in the fill," that is to say in the road embankment; and that payment for said work, at the unit price rate, shall be measured by the volume of the solid rock in original position. Memoranda contained in the

plans and drawings, show, beyond dispute, that the quantity estimate of 8,317 cubic yards, stated in the proposal sheet, in connection with the item "Solid Rock Excavation," has reference to the volume of excavated rock "in the fill." Upon this circumstances the relator bases its contention that compensation, at the rate of $1.25 per cubic yard, is shown to be measurable by the volume of excavated rock "in the fill." We do not think that, when all pertinent language contained in the contract is considered together, such a meaning reasonably appears. In the light of the above mentioned provisions in the specifications, the term "Solid Rock Excavation," appearing in the proposal sheet, necessarily comprehends the work of excavating the rock and putting same in the fill. It is not perceived that the fact that the volume of rock in the fill was estimated and stated in the proposal sheet, in connection with the "Solid Rock Excavation" item of work, fairly implies that the parties intended to disregard the other provisions of the contract which expressly prescribe the mode of measuring payment for said work. In respect of the matter of "figuring out bids," the estimated volume of rock in the fill furnished as safe a guide as if the estimated volume of solid rock in original position had been given; for with the former volume given, the latter was ascertainable by a simple process of calculation. The fact, therefore, that the one estimate was adopted as a guide for figuring bids, rather than the other, does not signify that the parties contemplated any mode of measuring the work for payment, at the specified rate, other than that expressly provided elsewhere in the contract.

The relator admits that it has received payment for the rock excavation work, according to the volume of rock in original position. This, we find, was all that it was entitled to receive. Regardless, therefore, of all other considerations relating to the right of the relator to maintain a suit of this nature, we recommend that the mandamus sought be refused.

The opinion of the Commission of Appeals is adopted, and the mandamus refused.

C. M. CURETON, Chief Justice.